IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARBI SEMIANI, | ) | 8:13CV205 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on July 8, 2013. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff's Complaint is very difficult to decipher. (Filing No. 1 at CM/ECF p. 1.) Plaintiff, who resides in Algeria, alleges he has received summons requesting his appearance in a California state court where he is a defendant in a family law and domestic violence case. (Filing No. 1 at CM/ECF p. 2.) As best as the court can tell, Plaintiff was not permitted reentry into the United States to defend himself in the state court proceeding and was denied a "U visa." (*Id*. at CM/ECF pp. 1-6.) Plaintiff believes the "USA Government and courts betrayed" him and asks this court to issue an order to restore his "civil rights." (*Id*. at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must

dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

Plaintiff has a history of filing claims similar to those alleged in this matter in other federal courts throughout the country. *See, e.g., Semiani v. United States*, No. 09 0387, 2009 WL 498051, at *1 (D.D.C. Feb. 26, 2009) (stating that "[a]lthough [plaintiff] provides a narrative of events seemingly unrelated to the relief sought, plaintiff ultimately seeks review of the denial of a visa to re-enter the United States to participate in court proceedings" and dismissing complaint because "[t]he decision of a consular officer to grant or deny a visa is not subject to judicial review") *aff'd* 575 F.3d 715 (D.C. Cir. 2009); *Semiani v. USA-Federal Gov't*, 10 Civ. 9624 (LAP) (S.D.N.Y. Feb. 2, 2011) (Doc. 5, CM/ECF) (dismissing, as frivolous and meritless, plaintiff's complaint alleging the Government violated his rights by denying him a visa to re-enter the United States for court proceedings in Los Angeles Superior Court

after he was deported); *Semiani v. U.S.-U.S. Gov't*, No. 13 0217, 2013 WL 653923, at *1 (D.D.C. Feb. 21, 2013) (dismissing complaint under Fed. R. Civ. P. 8 and concluding plaintiff's claims were incoherent).

Like his prior cases, Plaintiff ultimately seeks review of the denial of his "U visa." (Filing No. 1.) Plaintiff has been repeatedly informed that such a claim is not subject to judicial review. *See, e.g., Semiani v. United States*, No. 09 0387, 2009 WL 498051, at *1; *Semiani v. USA-Federal Gov't*, 10 Civ. 9624 (LAP). Moreover, the United States District Court for the Southern District of New York has warned Plaintiff that his continued filing of frivolous and meritless complaints regarding the denial of a visa could result in the issuance of an order barring the acceptance of any future complaints. *Semiani v. USA-Federal Gov't*, 10 Civ. 9624 (LAP) (Doc. 5 CM/ECF).

In light of these findings, the court will dismiss Plaintiff's Complaint with prejudice. In addition, Plaintiff is warned that this court will not tolerate his continued filing of frivolous and malicious complaints. If Plaintiff files a future lawsuit relating to the denial of a visa in this court, it may result in the issuance of an order barring the acceptance of **any** future complaints without first obtaining the court's leave to file a new action. Accordingly,

IT IS THEREFORE ORDERED that:

1. This matter is dismissed with prejudice because it is frivolous and malicious.

2. Plaintiff is warned that this court will not tolerate his continued filing of frivolous and malicious complaints. If Plaintiff files a future lawsuit relating to the denial of a visa in this court, it may result in the issuance of an order barring the

3

acceptance of **any** future complaints without first obtaining the court's leave to file a new action.

     3.   A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 5th day of August, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.